**USAIR INC., Successor by merger to Pacific Southwest Airlines, Plaintiff–Appellant,**

v.

**UNITED STATES DEPARTMENT OF the NAVY, Defendant–Appellee.**

No. 92–55776.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 9, 1993.

Decided Jan. 25, 1994.

Anthony G. Marriott, Kern and Wooley, Los Angeles, CA, for plaintiff-appellant.

Mark R. Dawson, Asst. U.S. Atty., San Diego, CA, for defendant-appellee.

Before: HUG, SCHROEDER, and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

A Navy employee's briefcase fell from an airplane's overhead storage compartment when a flight attendant opened it, hitting a passenger on the head. The passenger sued USAir in state court and recovered. USAir now appeals from a district court decision denying it indemnity and/or contribution under the Federal Tort Claims Act against the United States Department of the Navy.

## FACTS AND PROCEDURAL BACKGROUND

On October 26, 1984, in San Diego, California, Stephen Zodrow, a civilian employee of the Department of the Navy, boarded Pacific Southwest Airlines ("PSA") Flight 535 to San Francisco. Zodrow's travel was within the scope of his Navy employment. He was one of the last passengers to board, with three carry-on items. He put two of them in an overhead compartment, wrapping a garment bag around his briefcase. He stated that the briefcase "probably was unstable" when he closed the overhead bin door. No flight attendant helped Zodrow stow his baggage.

Prior to takeoff, a PSA flight attendant walked down the aisle, looking for a bin with space to stow a bag. She opened the bin containing Zodrow's items, using one hand. His briefcase fell out, hitting passenger Natan Huffman on the head. Although the flight attendant remembered that she was looking toward the bin, Huffman testified that she never faced it and Zodrow stated that she was looking toward the front of the plane.

Huffman sustained a concussion and cervical disc injuries, incurring $92,700 in medical expenses.

Huffman and his wife sued USAir, successor by merger to PSA, in San Diego County Superior Court. A jury found USAir liable, and USAir settled with Huffman and his wife for $550,000. USAir then brought this action in the federal district court against the United States Department of the Navy for indem-

nity and/or contribution under the Federal Tort Claims Act, 28 U.S.C. §§ 2671–2680 (1988). USAir asked for $712,179.85: the $550,000 it paid Huffman plus USAir's legal fees of $162,179.85 for defending the state court action.

The district court heard oral argument but the parties presented no witnesses or evidence. Based on stipulated facts, the court found that Zodrow did not act negligently, and that even if he did, USAir's negligence superseded his negligence. The court ruled in favor of the Department of the Navy.

## DISCUSSION

■ This court reviews de novo a district court's finding of a duty of care. *Vollendorff v. United States,* 951 F.2d 215, 217 (9th Cir.1991). We review its finding of breach and proximate cause for clear error. *Id.*

This is an exception to the general rule that mixed questions of law and fact are reviewed *de novo.* A finding of negligence requires testing particular facts against a standard of conduct. The existence and extent of the standard of conduct are questions of law, reviewable *de novo,* but issues of breach and proximate cause are questions of fact, reviewable for clear error. *Id.* (citations omitted).

Suits brought under the Federal Tort Claims Act are to be decided "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1988). Accordingly, California tort law applies.

### I. *Negligence*

■ In order to establish negligence under California law, a plaintiff must show that the defendant had a legal duty to use due care, that the defendant breached that duty, and that the breach was a legal or proximate cause of plaintiff's injury. *Ting v. United States,* 927 F.2d 1504, 1513 (9th Cir.1991).

■ In general, an individual owes to others a duty of ordinary or reasonable care, "care which persons of ordinary prudence would use in order to avoid injury to themselves or others under circumstances similar to those shown by the evidence." *Maddox v. City of Los Angeles,* 792 F.2d 1408, 1416 n. 2 (9th Cir.1986). "[A]ll persons owe a duty of care to avoid injury to others unless public policy clearly requires that an exception be made." *Lipson v. Superior Court,* 31 Cal.3d 362, 182 Cal.Rptr. 629, 636, 644 P.2d 822, 829 (1982). Zodrow thus had a duty of ordinary care. There is no public policy reason to exempt Zodrow from his duty to avoid injury to the other passengers by stowing his luggage in the overhead compartment properly.

■ We next must determine whether the district court clearly erred in finding that Zodrow was not negligent. Whether Zodrow breached his duty of care to other passengers, and thus was negligent, hinges largely on Stipulated Fact 55: "Zodrow was aware the briefcase probably was unstable in the bin." This statement indicates that Zodrow stowed the briefcase precariously. The district court found that this was not negligent because the airline failed to assist Zodrow in stowing his luggage, and because Zodrow reasonably could rely on a flight attendant to correct any imbalance in the compartment. Yet Zodrow easily could have avoided any possibility of injury by summoning a flight attendant, or simply by attempting to stabilize his briefcase before closing the bin. He sought no assistance, nor is there any indication that he made an effort to stow the briefcase more safely. Regardless of whether he sought or received assistance, he had a duty to use care in placing his luggage, and he breached that duty. We hold that the district court clearly erred in finding that Zodrow was not negligent.

### II. *Superseding Cause*

■ The district court also held that even if Zodrow had acted negligently, the flight attendant's actions were so unforeseeable and so negligent that they were a superseding cause of Huffman's injuries, cutting off Zodrow's liability. We must determine whether the district court clearly erred in holding that the flight attendant's actions were a superseding cause.

■ To recover damages for negligence a plaintiff must prove that the defendant's conduct was a proximate or legal cause of his

injuries. Causation in fact is one necessary element of proximate cause. *Maupin v. Widling*, 192 Cal.App.3d 568, 237 Cal.Rptr. 521, 524 (Ct.App.1987). Zodrow's actions were clearly a cause-in-fact of Huffman's injuries, as his placement of the briefcase in the overhead compartment was a necessary antecedent to its falling out and striking Huffman. *See id.* (causation in fact asks whether negligent conduct was necessary antecedent to the injury without which the injury would not have occurred).

The "larger, more abstract question" is whether Zodrow's actions were a proximate cause, that is, whether he should be held liable for negligently causing Huffman's injuries. *Id.* If the flight attendant's actions were a superseding cause that cut off Zodrow's liability, Zodrow's placement of his briefcase was not a proximate cause of the accident, and he should not be held liable for his negligence. *Id. See also White v. Roper*, 901 F.2d 1501, 1506 (9th Cir.1990).

■■■■ California has adopted sections 442–453 of the Restatement of Torts, which define when an intervening act constitutes a superseding cause. *Ewart v. Southern Cal. Gas Co.*, 237 Cal.App.2d 163, 46 Cal.Rptr. 631, 635 (1965). The Restatement defines a superseding cause as "an act of a third person ... which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about." Restatement (Second) of Torts § 440 (1965). A superseding cause must be something more than a subsequent act in a chain of causation; it must be an act that was not reasonably foreseeable at the time of the defendant's negligent conduct. *Earp v. Nobmann*, 122 Cal.App.3d 270, 175 Cal.Rptr. 767, 780 (1981). Moreover, even if the intervening act is negligent, it is not a superseding cause if the first actor should have known that a third person might so act. *See* Restatement (Second) of Torts § 447(a); *Earp*, 175 Cal.Rptr. at 780.

The Tenth Circuit, applying Restatement principles, found no superseding cause in a case with facts similar to those before us. In *Sutton v. Anderson, Clayton & Co.*, 448 F.2d 293 (10th Cir.1971), the defendant company improperly loaded bales of cotton into a boxcar, failing to provide barricades to prevent the bales from falling out when the door was opened. An employee of the mattress company where the cotton was shipped tried and failed to open the door, and enlisted the help of a forklift operator. The door opened suddenly and a bale of cotton fell out, killing the employee. *Id.* at 294.

On appeal, the company contended that the forklift operator's negligence was a superseding cause of the death. The court of appeals disagreed, holding that the forklift operator's actions were "a normal consequence of a situation created by the defendant's antecedent negligence which continued up to the very moment the cotton bale tumbled out of the railroad car." *Id.* at 296. Under Restatement § 447(a), the defendant should have foreseen that loose cotton bales would jam against the door, that someone would try to force the door open, and that a cotton bale would fall out. *Id.* at 297.

The same reasoning is persuasive here. When Zodrow stowed his briefcase in what he admitted was an unstable position, he should have foreseen that it might fall out. The likelihood that someone subsequently would open the overhead compartment was not only foreseeable but inevitable. That someone might do so negligently, causing the unstable luggage to fall out, was a normal consequence of Zodrow's earlier negligence. *See* Restatement (Second) of Torts § 443. The negligent intervening act was not a superseding cause because Zodrow, at the time of his negligent conduct, should have realized that a third person, whether or not a flight attendant, might open the bin and cause the luggage to fall. *See id.* at § 447.

■■■■ Our analysis is not affected by USAir's status as a common carrier. Common carriers "owe their passengers a duty of utmost care and the vigilance of a very cautious person. Common carriers 'are responsible for any, even the slightest, negligence and are required to do all that human care, vigilance, and foresight reasonably can do under the ... circumstances.'" *Orr v. Pacific Southwest Airlines*, 208 Cal.App.3d 1467, 257 Cal.Rptr. 18, 20 (1989) (quoting

*Acosta v. Southern Cal. Rapid Transit Dist.,* 2 Cal.3d 19, 84 Cal.Rptr. 184, 187, 465 P.2d 72 (Ct.App.1970)). USAir suggests that this duty had not begun when the accident occurred because the airplane had not taken off. We reject this claim. USAir's duty to its passengers was in force when Huffman went to the site of departure and USAir accepted him as a traveller. *Squaw Valley Ski Corp. v. Superior Court,* 2 Cal.App. 4th 1499, 3 Cal.Rptr.2d 897, 901–02 (1992), (quoting *Orr,* 257 Cal.Rptr. at 21). The flight attendant's actions breached the common carrier's duty of utmost care, and were also in violation of USAir's written policy regarding the duty to secure overhead luggage, as recorded in the flight attendant manual.

Nevertheless, because the probability that someone would open the overhead compartment was one of the hazards that made Zodrow's storage of the briefcase negligent, it does not matter whether the attendant's actions were "negligent, intentionally tortious, or even criminal." *Earp,* 175 Cal.Rptr. at 780. The degree of her negligence may affect the airline's degree of liability, but it does not entirely exonerate Zodrow.

*Brosnahan v. Western Air Lines Inc.,* 892 F.2d 730 (8th Cir.1989), cited at length by the Department of the Navy, does not recommend a different result. A passenger struggling to stow his carry-on luggage in an overhead compartment dropped the bag on Brosnahan's head. In the district court, a jury found the airline liable. The district judge granted Western's motion for judgment notwithstanding the verdict, ruling that its negligence in failing adequately to supervise the boarding process was not a proximate cause of Brosnahan's injuries. *Id.* at 732. Reviewing the evidence in the light most favorable to Brosnahan, the court of appeals found there was evidence in the record upon which a jury could find that the airline's negligence caused Brosnahan's injuries. *Id.* at 733–34.

*Brosnahan*'s analysis does not relieve Zodrow of liability. The *Brosnahan* court found that the act of the passenger (who was not a party to the suit) was not a superseding cause relieving the negligent airline from

liability. *Id.* at 733–734 n. 3. Although the positions of the parties are reversed in this case, the same analysis leads to a conclusion that USAir's negligence did not exonerate Zodrow. The case before us is one of concurrent or contributory causation, where both wrongful acts were necessary conditions of the harm. *See Doupnik v. General Motors Corp.,* 225 Cal.App.3d 849, 275 Cal.Rptr. 715, 725 (1990). That there was more than one proximate or legal cause of the accident is important only for the district court's apportionment of damages. *See id.,* 275 Cal. Rptr. at 725–26.

The flight attendant's negligence thus does not excuse Zodrow from liability, and the district court clearly erred in finding that it was a superseding cause.

## CONCLUSION

We hold that the district court clearly erred in finding that Zodrow was not negligent and that USAir's actions were a superseding cause of Huffman's injuries. In finding that the Navy cannot entirely escape liability for the negligence of its employee, we do not diminish the responsibility of USAir for its flight attendant's negligent act.

We remand this case to the district court for an apportionment of damages between USAir and the Department of the Navy as concurrent causes of Huffman's injury, keeping in mind USAir's elevated standard of care.

REVERSED AND REMANDED.