122 F.3d 1071
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brenda HARRIS, as Administratrix of the Estate of Sammie
Lavell WHITE, Plaintiff-Appellant,
v.
United STATES of America, Defendant-Appellee.
 No. 96-35439.
 United States Court of Appeals, Ninth Circuit.
 Aug. 19, 1997.
Argued and Submitted July 10, 1997
 
 Before: REAVLEY,** O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brenda Harris, administratrix of her son Sammie White's state, appeals the district court's judgment in favor of the United States following a bench trial on Harris' claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b) and 2675. Harris sued the government alleging that the Veterans Administration Medical Center at American Lake in Tacoma, Washington (ALVA) was negligent in its care and treatment of one of its patients, William Raikoglo. Harris contends that ALVA's negligence was the proximate cause of the vehicular death of Sammie White. We affirm.
 
 
 3
 Sammie White was killed in a car accident on the night of August 23, 1993 when Raikoglo recklessly ran a red light. Raikoglo had a 23-year history of treatment and care at ALVA for schizophrenia, alcohol abuse and polysubstance abuse. Raikoglo was last seen at ALVA, on a voluntary basis, on July 15, 1993. Harris contends that ALVA breached its duty of care to the public at large by failing to involuntarily commit Raikoglo or taking other reasonable precautions to protect against harm. See Petersen v. State of Washington, 100 Wash.2d 421, 671 P.2d 230 (1983) (establishing an affirmative duty on the part of a therapist to take reasonable precautions to protect the public when a patient exhibits dangerous propensities).
 
 
 4
 Under the FTCA, the United States is liable if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b). Since the actions alleged to have proximately caused the injuries to Sammie White occurred in Washington, the substantive law of Washington applies. Richards v. United States, 369 U.S. 1, 11, 82 S.Ct. 585, 592 (1961). Washington law exempts from liability individuals who are involved in the decision to admit, release, administer antipsychotic medications, or detain a person for evaluation and treatment, provided that such duties were performed in good faith and without gross negligence. R.C.W. § 71.05.120. The district court found that ALVA acted in good faith and without gross negligence in its care and treatment of Raikoglo.
 
 
 5
 While the existence and extent of a standard of conduct are questions of law reviewable de novo, issues of breach and proximate cause are questions of fact, reviewable for clear error. USAIR Inc. v. United States Dep't. of Navy, 14 F.3d 1410, 1412 (9th Cir.1994) (quoting Vollendorff v. United States, 951 F.2d 215, 217 (9th Cir.1991). A district court's finding of negligence is reviewed under the clearly erroneous standard. Miller v. United States, 66 F.3d 220, 224 (9th Cir.1995), cert. denied, 116 S.Ct. 1317 (1996).
 
 
 6
 Washington law allows a county mental health professional to file a petition for an initial 72-hour detention for the evaluation and treatment of an individual who presents a likelihood of serious harm to himself or others, or is gravely disabled. R.C.W. § 71.05.150. The district court concluded that Raikoglo was not gravely disabled under the law since he was living independently and there was no indication that he was unable to take care of his essential human needs. The court also found that Raikoglo did not present a threat to himself or others because he had not expressed an intention to do so and had not engaged in any recent, overt acts indicating a likelihood of serious harm. See In re Harris, 98 Wash.2d 276, 654 P.2d 109 (1982) (interpreting the statutes to require for involuntary detention a showing of a substantial risk of physical harm as evidenced by a recent, overt act). The district court did not clearly err in finding that ALVA was not grossly negligent in failing to petition for Raikoglo's involuntary detention on July 15th.
 
 
 7
 The district court also found that ALVA was not grossly negligent in failing to cancel Raikoglo's prescription for chloral hydrate. Raikoglo claimed during his visit that this was the only drug that worked for him or gave him any relief. It was also, evidently, the only drug he would take. The court further found that ALVA's failure to attempt to convince Raikoglo to check into the hospital voluntarily was not gross negligence under the circumstances. Proposing a course of treatment different from what Raikoglo wanted provoked anger, and the treating physician desired another opportunity to convince Raikoglo to take his medications. It was obvious that Raikoglo was not going to check himself into the hospital no matter what the staff said. The district court's findings on these issues were are clearly erroneous.
 
 
 8
 The district court did not commit clear error in finding that ALVA acted in good faith and without gross negligence in its treatment of Raikoglon. There being no breach of the applicable standard of care, we affirm. AFFIRMED.
 
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3