**John A. SOLDANO, an individual; et al., Plaintiffs—Appellants,**

v.

**UNITED STATES of America; et al., Defendants—Appellees.**

No. 07–17000.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 25, 2009.

Filed March 31, 2009.

Kent Matthew Henderson, Esquire, Federico Castelan Sayre, James F. Rumm,

ed by 9th Cir. R. 36–3.

Esquire, Law Offices of Federico C. Sayre, Santa Ana, CA, for Plaintiffs–Appellants.

Brian William Enos, Esquire, Assistant U.S., USF–Office of the U.S. Attorney, Michael E. Lehman, Esquire, Marderosian, Runyon, Cercone, Lehman & Armo, Gregory Scott Mason, Esquire, McCormick, Barstow, Sheppard, Watye & Carruth LLP, Fresno, CA, for Defendants–Appellees.

Before: GOODWIN, B. FLETCHER and FISHER, Circuit Judges.

### MEMORANDUM *

Plaintiffs-appellants John and Denise Soldano appeal the district court's judgment in favor of the United States, following a bench trial, on the Soldanos' negligence claim under the Federal Torts Claims Act, 28 U.S.C. § 1346(b). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

"To recover damages for negligence a plaintiff must prove that the defendant's conduct was a proximate or legal cause of his injuries." *USAir Inc. v. U.S. Dep't of Navy,* 14 F.3d 1410, 1412–13 (9th Cir. 1994); *see also Spinks v. Equity Residential Briarwood Apts.,* 171 Cal.App.4th 1004, 1046–47, 90 Cal.Rptr.3d 453, 486–87 (2009). The district court found that the speed limit at the accident site did not constitute a proximate or legal cause of Mr. Soldano's injuries. The district court's finding, based on the expert testimony it found most credible and persua-

sive, that Mr. Soldano could have avoided the accident at the speed he was driving if he had been attentive was not clearly erroneous. *See USAir Inc.,* 14 F.3d at 1412.

**AFFIRMED.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.