Ewin Oscar MARTINEZ, Plaintiff,

v.

UNITED STATES of America,
Dr. George Santini, et al.,
Defendants.

Case No. EDCV 09–0375–SVW (RC).

United States District Court,
C.D. California.

Sept. 30, 2010.

Ewin Martinez, Beaver, WV, pro se.

Geoffrey Daniel Wilson, Office of U.S. Attorney, Los Angeles, CA, for Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES

STEPHEN V. WILSON, District Judge.

Pursuant to 28 U.S.C. Section 636, the Court has reviewed the amended complaint and other papers along with the attached Report and Recommendation of United States Magistrate Judge Rosalyn M. Chapman, as well as plaintiff's objections, and has made a *de novo* determination.

IT IS ORDERED that:

(1) The Report and Recommendation IS APPROVED AND ADOPTED;

(2) defendant George Santini's motion to dismiss IS GRANTED, and all claims against defendant Santini are dismissed;

(3) defendant United States' motion to dismiss IS GRANTED, IN PART, and all claims are dismissed against defendant United States except plaintiff's third cause of action for negligence under the Federal Tort Claims Act, and defendant United States shall file an answer to plaintiff's negligence claim within thirty (30) days of the date of this Order; and

(4) plaintiff's request for punitive damages is stricken.

IT IS FURTHER ORDERED that the Clerk shall serve copies of this Order and the Magistrate Judge's Report and Recommendation by the United States mail on plaintiff.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

ROSALYN M. CHAPMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable Stephen V. Wilson, United States District Judge, by Magistrate Judge Rosalyn M. Chapman, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

### BACKGROUND

On February 24, 2009, plaintiff Ewin Oscar Martinez, a federal inmate proceeding pro se and in forma pauperis, filed a complaint against defendant United States, and on June 15, 2009, plaintiff filed an amended complaint ("AC") against defendants United States and Dr. George Santini. The amended complaint, which is brought under 42 U.S.C. § 1983 and the Federal Tort Claims Act, raises claims for: (1) intentional infliction of emotional distress in violation of California common law and 18 U.S.C. § 4042; (2) conspiracy in violation of California common law and 18 U.S.C. § 4042; (3) negligence in violation of California common law and 18 U.S.C. § 4042;[1] (4) gross negligence in violation

---

1. Although plaintiff cites 18 U.S.C. § 4041, the Court assumes this is a typographical er-

of California common law and 18 U.S.C. § 4042; and (5) deliberate indifference to serious medical needs in violation of the Eighth and Fourteenth Amendments. AC at 3–7.

At the time of the events alleged in the amended complaint, plaintiff was confined in the United States Prison in Victorville, California ("USP Victorville") and defendant Santini was employed by the Bureau of Prisons ("BOP") as a physician at USP Victorville. The gravamen of plaintiff's complaint is that on or about January 21, 2007, defendant Santini prescribed the wrong medication to plaintiff, causing plaintiff to have an allergic reaction to the medication, resulting in plaintiff's eyelids, tongue, lips and testicles swelling. AC at 1–2. Plaintiff alleges defendant Santini prescribed this medication to him even though plaintiff's medical records specifically stated he is allergic to the medication. AC at 1, 3. When plaintiff confronted defendant Santini about the situation, defendant Santini told plaintiff he had not had time to review plaintiff's medical file. AC at 2, 4. The plaintiff seeks compensatory damages of $150,000 and punitive damages of $150,000. AC at 7.

On February 16, 2010, defendants filed a motion to dismiss plaintiff's amended complaint, and plaintiff filed an opposition to the motion on March 2, 2010. On March 22, 2010, defendants filed a reply.

## DISCUSSION

### I

■ A state or federal inmate is prohibited from "bring[ing] a civil action or appeal" in forma pauperis if the inmate:

has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is **frivolous, malicious, or fails to state a claim upon which relief may be granted,** unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added). "This subdivision is commonly known as the 'three strikes' provision. 'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that [they were] frivolous, malicious, or failed to state a claim[.]'" *Andrews v. King,* 398 F.3d 1113, 1116 n. 1 (9th Cir.2005). However, "[n]ot all unsuccessful cases qualify as a strike under § 1915(g)." *Id.* at 1121.

■ When defendants challenge a prisoner's in forma pauperis status, as defendants do here, "the initial production burden rests with the defendants." *Andrews,* 398 F.3d at 1120. This means "defendants must produce documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were 'frivolous, malicious or fail[ed] to state a claim.'" *Id.* "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Id.*

Pursuant to Fed.R.Evid. 201, this Court grants defendants' request to take judicial notice of certain federal court decisions, *see Bias v. Moynihan,* 508 F.3d 1212, 1225 (9th Cir.2007) (Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." (citations and internal quotation marks omitted)), and the Court takes judicial notice of the decisions in the following cases: *Martinez v. Minnis,* Unit-

ror and plaintiff intended to refer to 18 U.S.C. § 4042, as he did in his other claims.

ed States Dist. Ct. for the N. Dist. of Ga. case no. 05–CV–2241–ODE ("Martinez I"); *Martinez v. Minnis,* United States Dist. Ct. for the N. Dist. of Ga. case no. 05–CV–2261–ODE ("Martinez II"); *Martinez v. United States,* United States Dist. Ct. for the S. Dist. of Fla. case no. 02–CV–23561–JAL ("Martinez III"); and *Martinez v. Norwood,* United States Dist. Ct. for the Cent. Dist. of Ca. case no. 08–CV–5877–SVW(RC) ("Martinez IV").

▮ Initially, in Martinez I, the district court granted summary judgment for defendants, and the Eleventh Circuit affirmed the judgment on appeal. *See Martinez v. Minnis,* 257 Fed.Appx. 261 (11th Cir.2007) (per curiam), *cert. denied,* 552 U.S. 1321, 128 S.Ct. 1894, 170 L.Ed.2d 763 (2008). Clearly, this is not a determination that Martinez I was frivolous, malicious or failed to state a claim. *Barela v. Variz,* 36 F.Supp.2d 1254, 1259 (S.D.Cal.1999); *see also Daniels v. Woodford,* 2008 WL 2079010, *6–7 (C.D.Cal.) ("A case resolved by way of summary judgment does not fall within the plain language of Section 1915(g) as it is not equivalent to a dismissal on the grounds that an action is 'frivolous, malicious, or fails to state a claim upon which relief may be granted.' "). Further, Martinez II was dismissed by the district court as duplicative of Martinez I—not as frivolous, malicious or for failing to state a claim. Although a duplicative complaint may be malicious in some circumstances, *see Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (per curiam) (" '[R]epetitious litigation of virtually identical causes of action is subject to dismissal ... as malicious.' "), Martinez II was not dismissed as a malicious filing, presumably because Martinez II was filed within three days of Martinez I and may have been filed due to clerical error. Therefore, Martinez II also does not constitute a strike.

Finally, Martinez III was a motion to vacate sentence under 28 U.S.C. § 2255, and Martinez IV, which was brought in this district court as a habeas corpus petition under 28 U.S.C. § 2241, was construed to be a motion to vacate sentence under 28 U.S.C. § 2255 and dismissed for lack of jurisdiction. Thus, neither Martinez III nor Martinez IV constitutes a strike under Section 1915(g). *See Andrews,* 398 F.3d at 1122 ("[D]ismissed habeas petitions do not count as strikes under § 1915(g)."); *Jennings v. Natrona County Det. Ctr. Med. Facility,* 175 F.3d 775, 780 (10th Cir.1999) ("Habeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915. Hence, the dismissal of a habeas corpus or § 2255 petition does not count as a strike for purposes of limiting in forma pauperis status under § 1915(g)."). Therefore, defendants have not met their burden of demonstrating plaintiff has "three strikes" within the meaning of Section 1915(g), and their motion to dismiss on that ground must be denied.

**II**

A motion to dismiss for failure to state a claim should be granted if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949.

In considering whether to dismiss a complaint, the Court must accept the allegations of the complaint as true, *Erickson v. Pardus,* 551 U.S. 89, 93–94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Al-*

*bright v. Oliver,* 510 U.S. 266, 267, 114 S.Ct. 807, 810, 127 L.Ed.2d 114 (1994), construe the pleading in the light most favorable to the pleading party, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1849, 23 L.Ed.2d 404 (1969); *Berg v. Popham,* 412 F.3d 1122, 1125 (9th Cir.2005). Pro se pleadings are "to be liberally construed" and are held to a less stringent standard than those drafted by a lawyer. *Erickson,* 551 U.S. at 94, 127 S.Ct. at 2200; *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972) (per curiam).

### III

■ The plaintiff purports to bring his fifth cause of action for deliberate indifference under 42 U.S.C. § 1983, a civil rights statute prohibiting the deprivation of a constitutionally or federally protected right by a person acting under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 2254–55, 101 L.Ed.2d 40 (1988). However, a Section 1983 suit cannot be brought against the United States or a federal employee.

■ "Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit." *United States v. Dalm,* 494 U.S. 596, 608, 110 S.Ct. 1361, 1368, 108 L.Ed.2d 548 (1990) (citations and internal quotation marks omitted); *Hercules, Inc. v. United States,* 516 U.S. 417, 422, 116 S.Ct. 981, 985, 134 L.Ed.2d 47 (1996). In other words, "the existence of consent is a prerequisite for jurisdiction." *United States*

*v. Mitchell,* 463 U.S. 206, 212, 103 S.Ct. 2961, 2965, 77 L.Ed.2d 580 (1983). In particular, the United States has not waived its sovereign immunity for suits brought under the civil rights statutes, and such claims are barred by sovereign immunity. *Davis v. United States Dep't of Justice,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir. 1999). Nor may this Court construe plaintiff's civil rights claim as a *Bivens*[2] claim against the United States since *"Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States,* 757 F.2d 971, 980 (9th Cir.1985), *cert. denied,* 475 U.S. 1010, 106 S.Ct. 1183, 89 L.Ed.2d 300 (1986); *Cato v. United States,* 70 F.3d 1103, 1110 (9th Cir.1995). Thus, the Court grants defendant United States' motion to dismiss plaintiff's Section 1983 claim against it for lack of subject matter jurisdiction. *Rivera v. United States,* 924 F.2d 948, 951 (9th Cir.1991); *Gilbert v. DaGrossa,* 756 F.2d 1455, 1458–59 (9th Cir.1985).

■ The plaintiff also cannot maintain a Section 1983 claim against defendant Santini because he is a federal employee. *See Billings v. United States,* 57 F.3d 797, 801 (9th Cir.1995) ("[Section] 1983 provides no cause of action against federal agents acting under color of federal law[.]"); *Daly-Murphy v. Winston,* 837 F.2d 348, 355 (9th Cir.1988) ("There is no valid basis for a claim under section 1983, in that [plaintiff's] allegations are against federal officials acting under color of federal law. Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state or territory or the District of Colum-

---

**2.** *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

bia." (citation omitted)). However, the plaintiff may bring a *Bivens* action against defendant Santini "in his ... individual capacity only, and not in his or her official capacity[,]" *Daly–Murphy,* 837 F.2d at 355; *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States,* 482 F.3d 1157, 1173 (9th Cir.2007), and the Court infers defendant Santini is being sued in his individual capacity.[3] *See Romano v. Bible,* 169 F.3d 1182, 1186 (9th Cir.) ("[W]e ... presume[ ] that officials necessarily are sued in their personal capacities where those officials are named in a complaint, even if the complaint does not explicitly mention the capacity in which they are sued."), *cert. denied,* 528 U.S. 816, 120 S.Ct. 55, 145 L.Ed.2d 48 (1999).

 Here, plaintiff claims defendant Santini was deliberately indifferent to his serious medical needs when, without first reviewing plaintiff's medical file, defendant Santini prescribed medication to plaintiff, resulting in plaintiff having a severe allergic reaction in which his eyelids, tongue, lips and testicles became swollen. Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.[4] *Wilson v. Seiter,* 501 U.S. 294, 302, 111 S.Ct. 2321, 2326, 115 L.Ed.2d 271 (1991); *Carlson v. Green,* 446 U.S. 14, 19, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980); *Estelle v. Gamble,* 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d

251 (1976). Deliberate indifference in violation of the Eighth Amendment exists when a prison official knows an inmate faces a substantial risk of serious harm to his health and fails to take reasonable measures to abate the risk. *Farmer v. Brennan,* 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994); *Toguchi v. Soon Hwang Chung,* 391 F.3d 1051, 1058 (9th Cir.2004).

 "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of harm exists,' but that person 'must also draw the inference.'" *Toguchi,* 391 F.3d at 1057 (quoting *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979). " 'If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk.'" *Toguchi,* 391 F.3d at 1057 (quoting *Gibson v. County of Washoe, Nevada,* 290 F.3d 1175, 1188 (9th Cir.2002), *cert. denied,* 537 U.S. 1106, 123 S.Ct. 872, 154 L.Ed.2d 775 (2003)). Thus, "there is no Eighth Amendment violation when jail officials give the wrong medication to an inmate unless they were aware the inmate would react negatively to the medication." *Scott v. Bick,* 2008 WL 449798, *3 (E.D.Cal.); *Murillo v. Thornton,* 2008 WL 110899, *4 (S.D.Cal.); *see also Callaway v. Smith County,* 991 F.Supp. 801, 809 (E.D.Tex.1998) (no Eighth Amendment vi-

---

**3.** Since the plaintiff "is not required to state the statutory or constitutional basis for his claim, [and must state] only the facts underlying [the claim] [,]" *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1223 (9th Cir. 1990), *cert. denied,* 504 U.S. 957, 112 S.Ct. 2306, 119 L.Ed.2d 227 (1992); *see also Air Line Pilots Ass'n v. Transamerica Airlines, Inc.,* 817 F.2d 510, 516 (9th Cir.) (A "complaint is not to be dismissed because the plaintiff's lawyer has misconceived the proper legal theory of its claim, but is sufficient if it shows that the plaintiff is entitled to *any* relief which the court can grant, regardless of

whether it asks for the proper relief." (citations and internal quotation marks omitted; emphasis in original)), *cert. denied,* 484 U.S. 963, 108 S.Ct. 451, 98 L.Ed.2d 391 (1987), this Court will address plaintiff's *Bivens* claim against defendant Santini.

**4.** Although plaintiff cites both the Eighth and Fourteenth Amendments, since he is a convicted federal prisoner, his claims are properly addressed under the Eighth Amendment. *Whitley v. Albers,* 475 U.S. 312, 318–19, 106 S.Ct. 1078, 1083–84, 89 L.Ed.2d 251 (1986).

olation when inmate mistakenly given wrong dosage of medication). Since plaintiff specifically alleges Dr. Santini was **not** aware plaintiff would react negatively to the medication because he had not read plaintiff's medical records, *see,* e.g., AC at 3 ("It's indisputable that Dr. Santini made the prescription without previously reviewing the Plaintiff's medical records."), plaintiff's fifth cause of action fails to state a claim on which relief can be granted. Thus, defendant Santini's motion to dismiss this claim should be granted.[5]

**IV**

 The Federal Tort Claims Act ("FTCA") "waive[s] the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Federal Bureau of Prisons,* 552 U.S. 214, 217–18, 128 S.Ct. 831, 835, 169 L.Ed.2d 680 (2008); *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 475–76, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994). In this regard, FTCA authorizes:

claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1).

Initially, defendants' argument that plaintiff's FTCA action is untimely, is without merit. The FTCA provides that:

[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b). Here, plaintiff alleges he presented his FTCA claims to BOP on February 19, 2008, AC at 1, and BOP denied his claims on September 16, 2008. *See* Exhibits to Amended Complaint. Since plaintiff filed his initial complaint within six months of this date, there is no merit to defendants' argument that this action is untimely.

However, the FTCA "only allows claims against the United States[,]" *Federal Deposit Ins. Corp. v. Craft,* 157 F.3d 697, 706 (9th Cir.1998) (citations omitted); *Kennedy v. United States Postal Serv.,* 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam), and does not allow claims against a federal employee, such as defendant Santini.[6]

5. In light of this ruling, it is unnecessary to address defendants' argument that plaintiff's fifth cause of action is untimely.

6. The plaintiff also cannot maintain a claim against defendant Santini under 18 U.S.C. § 4042, because that statute does not provide a private cause of action against BOP officials or employees, *Williams v. United States,* 405 F.2d 951, 954 (9th Cir.1969); *Harper v. Williford,* 96 F.3d 1526, 1528 (D.C.Cir.1996); *Chinchello v. Fenton,* 805 F.2d 126, 134 (3d Cir.1986), or under state tort law for acts taken within the scope of his federal employment. *See* 28 U.S.C. § 2679(b)(1) ("The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee. Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.").

*See,* e.g., *Kennedy,* 145 F.3d at 1078 ("[T]he United States is the only proper party defendant in an FTCA action[.]"). Thus, defendant Santini's motion to dismiss all FTCA or tort claims against him should be granted.

▆ Here, plaintiff raises FTCA claims against defendant United States for: (1) intentional infliction of emotional distress, (2) conspiracy, (3) negligence, and (4) gross negligence. Such claims may properly be brought against the United States by a federal inmate for injuries caused by the negligence of prison officials or employees. *United States v. Muniz,* 374 U.S. 150, 158, 83 S.Ct. 1850, 1855, 10 L.Ed.2d 805 (1963); *Vander v. United States Dep't of Justice,* 268 F.3d 661, 663 (9th Cir.2001). However, such FTCA claims, "are to be decided 'in accordance with the law of the place where the act or omission occurred.'" *USAir, Inc. v. United States Dep't of the Navy,* 14 F.3d 1410, 1412 (9th Cir.1994) (quoting 28 U.S.C. § 1346(b)); *see also Bolt v. United States,* 509 F.3d 1028, 1031 (9th Cir.2007) ("'Even when the injury occurs on federal property, the finding of negligence must be based upon state law.'") (quoting *Lutz v. United States,* 685 F.2d 1178, 1184 (9th Cir.1982)). Accordingly, California tort law applies to plaintiff's FTCA claims. *USAir, Inc.,* 14 F.3d at 1412.

### a. First Cause of action, intentional infliction of emotional distress:

▆ Under California law, the elements of a prima facie case of intentional infliction of emotional distress are: "'(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Co-*

*rales v. Bennett,* 567 F.3d 554, 571 (9th Cir.2009) (citations omitted); *Hughes v. Pair,* 46 Cal.4th 1035, 1050, 95 Cal.Rptr.3d 636, 651, 209 P.3d 963 (2009). Here, plaintiff's allegations satisfy none of these elements, and plaintiff has not even alleged he suffered severe or extreme emotional distress. *See Hughes,* 46 Cal.4th at 1051, 95 Cal.Rptr.3d at 651, 209 P.3d 963 ("With respect to the requirement that the plaintiff show severe emotional distress, this court has set a high bar. Severe emotional distress means emotional distress of such substantial quality or enduring quality that no reasonable [person] in civilized society should be expected to endure it." (citation and internal quotation marks omitted)). More importantly, plaintiff's allegation that defendant Santini mistakenly prescribed the wrong medication to him contradicts the element requiring defendant Santini to have engaged in extreme and outrageous conduct with the intent to injure plaintiff. *See id.* at 1050–51, 95 Cal.Rptr.3d at 651, 209 P.3d 963 ("A defendant's conduct is outrageous when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. And the defendant's conduct must be intended to inflict injury or engaged in with the realization that injury will result." (citations and internal quotation marks omitted)). Therefore, plaintiff has failed to state a claim for the intentional infliction of emotional distress, and defendant United States' motion to dismiss this cause of action should be granted.

### b. Second Cause of Action, Conspiracy:

▆ Under California law, "[t]here is no separate tort of civil conspiracy.... Rather, a civil conspiracy under California law 'requires [an] independently wrongful act and resulting damages.'" *Ting v. United States,* 927 F.2d 1504, 1514–15 (9th Cir.1991) (citation omitted); *see also In re*

*Yahoo! Litig.*, 251 F.R.D. 459, 474 (C.D.Cal.2008) (Under California law, "a conspiracy requires an agreement between two or more entities to perform a wrongful act[.]"). Here, plaintiff's allegations do not set forth an agreement between defendant Santini and anyone else to perform a wrongful act; thus, plaintiff has failed to state a cause of action for civil conspiracy under California law, *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 784, 157 Cal. Rptr. 392, 398–99, 598 P.2d 45 (1979), and defendant United States' motion to dismiss the second cause of action should be granted.

### c. Third and Fourth Causes of Action, Negligence and Gross Negligence:

 "Under California law, '[t]he elements of negligence are: (1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of the duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales*, 567 F.3d at 554 (citation omitted); *see also USAir, Inc.*, 14 F.3d at 1412 ("In order to establish negligence under California law, a plaintiff must show that the defendant had a legal duty to use due care, that the defendant breached that duty, and that the breach was a legal or proximate cause of plaintiff's injury."); *Carrera v. Maurice J. Sopp & Son*, 177 Cal.App.4th 366, 377, 99 Cal.Rptr.3d 268 (2009) ("The elements of a negligence action are duty, breach of duty, causation, and damages."). However, "California does not recognize a distinct cause of action for 'gross negligence' independent of a statutory basis." *Saenz v.*

*Whitewater Voyages, Inc.*, 226 Cal.App.3d 758, 766 n. 9, 276 Cal.Rptr. 672 (1991); *Continental Ins. Co. v. Am. Prot. Indus.*, 197 Cal.App.3d 322, 328–30, 242 Cal.Rptr. 784 (1987). Here, plaintiff's allegations are sufficient to set forth a cause of action under California law for negligence,[7] *Ramirez v. United States*, 567 F.2d 854, 858 (9th Cir.1977) (en banc); *Rannard v. Lockheed Aircraft Corp.*, 26 Cal.2d 149, 155–57, 157 P.2d 1 (1945); *see also Hoesl v. United States*, 451 F.Supp. 1170, 1173 (N.D.Cal. 1978) ("In the typical malpractice case a doctor negligently makes a mistaken diagnosis, administers the wrong treatment to his patient or fails to administer the right treatment because of that mistake, and thereby injures the patient's physical or mental health."), *affirmed by*, 629 F.2d 586 (9th Cir.1980), but since no statutory basis for the gross negligence claim is pleaded, not for gross negligence. Thus, defendant United States' motion to dismiss plaintiff's third cause of action for negligence must be denied, although the motion should be granted as to the fourth cause of action for gross negligence.

### RECOMMENDATION

For the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order:

(1) approving and adopting this Report and Recommendation;

(2) granting defendant Dr. George Santini's motion to dismiss, and dismissing all claims against defendant Dr. George Santini;

(3) granting, in part, defendant United States' motion to dismiss, and dismissing all claims against defendant United States except plaintiff's fourth cause of action for

---

7. Nonetheless, since punitive damages are not available against the United States under the FTCA, this Court strikes *sua sponte* that request in plaintiff's prayer. 28 U.S.C. § 2674;

*Dolan v. United States Postal Serv.*, 546 U.S. 481, 485, 126 S.Ct. 1252, 1256, 163 L.Ed.2d 1079 (2006).

negligence under the Federal Tort Claims Act, and requiring defendant United States to file an answer addressing that claim within thirty (30) days of the date the Order adopting the Report and Recommendation is signed; and

(4) striking plaintiff's request for punitive damages.

March 25, 2010