**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JAMES GRANDY, | No. 12-55295 |
| Plaintiff-Appellant, | D.C. No. 2:09-cv-01270-JHN-RZ |
| v. |  |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Defendant-Appellee. |  |

Appeal from the United States District Court
for the Central District of California,
Jacqueline H. Nguyen, District Judge, Presiding

Submitted January 9, 2014[**]
Pasadena, California

Before: REINHARDT and CLIFTON, Circuit Judges, and RAKOFF, Senior
District Judge.[***]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Jed S. Rakoff, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

Plaintiff-Appellant James Grandy appeals from the judgment entered following a bench trial, after which the District Court concluded, "Plaintiff has failed to sustain his burden of proof because there is insufficient evidence that Officer Raygoza failed to exercise ordinary diligence . . . ." This Court reviews a district court's factual findings for clear error. *See Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (clear-error reversal requires "a definite and firm conviction that a mistake has been committed"); Fed. R. Civ. P. 52(a)(6). Although the existence of a duty of care is a matter of law reviewed de novo, "issues of breach and proximate cause are questions of fact, reviewable for clear error." *USAir Inc. v. U.S. Dep't of the Navy*, 14 F.3d 1410, 1412 (9th Cir. 1994). Even if this Court would view the evidence differently as a matter of first impression, deference to the district court requires affirmance so long as its interpretation of the evidence is plausible when viewed as part of the entire record. *See Husain v. Olympic Airways*, 316 F.3d 829, 835 (9th Cir. 2002). We affirm.

Grandy identifies as the subjects of his appeal Finding of Fact No. 9 and Conclusion of Law No. 15. He strenuously objects to the District Court's use of "at that moment" and "may have momentarily looked away," urging that these were conclusions unsupported by the record. But this objection is misplaced because it

mischaracterizes the District Court's analysis. The District Court did not conclude, and did not need to conclude, that Officer Raygoza's gaze left the metal detector for a specific amount of time that was objectively reasonable. Rather, the District Court concluded that Grandy had failed to carry his burden as plaintiff to demonstrate breach by a preponderance of the evidence. Grandy appears to believe that the United States had an affirmative burden to disprove an inference of breach arising from the tragedy. But Grandy bore the burden to prove breach, and the District Court found that he failed to meet it.

This conclusion is plausible based upon the whole of the oral and documentary evidence that was before the District Court at trial, including testimony from the inmate-assailant, other inmates, Officer Raygoza, Captain Shawn Grant, and plaintiff's expert, Joe McGrath. While that evidence showed, and the District Court found, that Raygoza "did not see Wiggins bypass the metal detector," a conclusion of negligence did not automatically follow because of, *inter alia*, the additional duties he had during busy prisoner movements for both his and the prisoners' safety beyond metal-detector compliance. The record thus provides ample support for the District Court's conclusion that Grandy failed to prove breach, and does not leave us with "a definite and firm conviction that a mistake has been committed." *Concrete Pipe*, 508 U.S. at 623. Accordingly, neither the

-3-

finding of fact nor the conclusion of law informing the judgment appealed from was clearly erroneous.

**AFFIRMED.**