Carlos **BARELA** (Chavaris), Plaintiff,

v.

D. **VARIZ;** M. Conrad, Defendants.

No. 98–1186–JFS.

United States District Court, S.D. California.

Feb. 19, 1999.

___

Carlos Barela (Chavaris), pro se.

Michelle A. Des Jardins, Deputy Atty. Gen., for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE [8–1]

STIVEN, United states Magistrate Judge.

A hearing on Defendants' Motion to Dismiss was held in Courtroom E, on January 19, 1999, before the Honorable James F. Stiven, United States Magistrate Judge, pursuant to Local Rule 72.3. and 28 U.S.C. § 636(c). Plaintiff Carlos Barela (Chavaris), *pro se* and *in forma pauperis,* appeared telephonically, and Michelle A. Des Jardins, Deputy Attorney General for the State of California, appeared in court on behalf of Defendants.

### I. PROCEDURAL HISTORY

On June 29, 1998, Plaintiff filed a federal civil rights complaint, pursuant to 42 U.S.C. § 1983, against correctional employees D. Variz and M. Conrad. Plaintiff is presently incarcerated in California State Prison for Los Angeles County at Lancaster, California. The incidents underlying Plaintiff's claims occurred while Plaintiff was incarcerated in Calipatria State Prison. D. Variz is a sewing instructor employed at Calipatria State Prison and M. Conrad was Variz's supervisor also employed at the prison.

Plaintiff's complaint alleges that he learned in July 1997 that fifty-nine (59) days worktime, earned from March through July 1997, had been deducted from his earned worktime credits by Plaintiff's instructor, Variz.[1] Plaintiff contends that when questioned, Var-

---

1. After hearing oral argument, and reviewing Defendants' papers, it appears to this Court that what likely occurred is that Plaintiff thought he was receiving work-time credits for this time period, but that he actually never received those credits.

iz indicated that she had deducted the credits because Plaintiff was spending too much time at the Law Library. Plaintiff stated that he had been issued a priority pass by prison authorities to use the Law Library during work hours because he had court deadlines to meet. Defendant Variz stated she would not restore the deducted credits. When Plaintiff stated he would sue Variz for the deprivation of his due process rights, Plaintiff claims that Variz's supervisor, M. Conrad, called Plaintiff to her office to intimidate him and harass him.

Plaintiff claims that Defendant Variz then fabricated a disciplinary report (CDC 115) on July 29, 1997, to "cover her arbitrary actions". Plaintiff alleges that this report falsely accused Plaintiff of reporting late to his assignment and of receiving prior disciplinary reports (CDC 128As) for reporting late and failing to report to his assigned job. On August 12, 1997, a disciplinary hearing was held, during which Plaintiff testified. The hearing officer dismissed the CDC 115 (the violation for reporting late to his job on July 29, 1997).[2]

Plaintiff claims that deducting the 59 days work-time violated his Fifth and Fourteenth Amendment constitutional rights. Plaintiff seeks money damages in the manner of compensatory damages of $25,000; punitive damages of $75,000; costs of this action; and any additional relief deemed just and proper by this Court.

Defendants move to dismiss the complaint based on the following: 1) Plaintiff is a vexatious litigant and the case should be dismissed under 28 U.S.C. § 1915(g) until Plaintiff pays filing fees; 2) the action should be brought by petition for a writ of habeas corpus; 3) the complaint fails to state a claim; 4) Defendants are entitled to qualified immunity; and 5) Plaintiff has not exhausted the necessary administrative remedies.

## II. DISCUSSION

### A. *Legal Standards for Pro Se Pleadings.*

 A pro se litigant is more likely to make errors in pleadings than counsel. *Noll*

*v. Carlson,* 809 F.2d 1446, 1448 (9th Cir. 1987). The allegations in Barela's Complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Id.* (citing *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), *reh'g denied,* 405 U.S. 948, 92 S.Ct. 963, 30 L.Ed.2d 819 (1972)).

### B. *Plaintiff's Claims are not Cognizable under 42 U.S.C. § 1983.*

 Plaintiff seeks damages for an alleged violation of due process when Defendant Variz "deducted" his work-time credits. Defendants argue that Plaintiff's exclusive remedy for a challenge to the legality or duration of his confinement is a petition for a writ of habeas corpus.

The Supreme Court has clearly held that a state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on directed appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

In *Edwards v. Balisok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court extended this holding to a case in which a prisoner filed a claim pursuant to § 1983 alleging that the disciplinary hearing procedures, under which he was deprived of good-time credits, violated his constitutional right to due process. The Court found that

---

**2.** As discussed in more detail below, the pleadings do not reflect whether any work-time credit was "deducted" for the alleged reporting late to his job on July 29, 1997, nor do the pleadings

reflect whether Plaintiff sough to "restore" this or any other lost work-time credit by his appeal of the CDC 115.

the plaintiff's challenges of the proceedings implied the invalidity of the Plaintiff's sentence, because "[t]he principal procedural defect complained of ... would, if established, necessarily imply the invalidity of the deprivation of his good-time credits." *Id.* at 1588.

In the present case, Plaintiff has filed a complaint for damages because 59 days of work-time credit allegedly were deducted wrongfully. However, after listening to oral argument, the Court also could construe Plaintiff's claim as challenging the validity of the procedures under which Plaintiff's work-time credits were deducted. Under both *Heck v. Humphrey* and *Edwards v. Balisok*, either claim challenges the validity of Plaintiff's sentence. At this point, Plaintiff has not obtained a finding that the "deduction" of his work-time credits was reversed by direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, Plaintiff's claim for damages is not cognizable under 42 U.S.C. § 1983. This Court **GRANTS WITHOUT PREJUDICE** Defendants' Motion to Dismiss Plaintiff's claim for damages pursuant to 42 U.S.C. § 1983.[3]

### C. *Failure to Exhaust Administrative Remedies.*

Defendant also moves to dismiss Plaintiff's claims on the basis that Plaintiff has failed to exhaust his administrative remedies with regard to these claims. Plaintiff supplied documentation that he appealed the CDC 115 issued to him by Defendant Variz on July 29, 1997. However, Plaintiff failed to allege or provide documentation that he ever appealed the deduction of his 59 days of work-time credit.[4]

42 U.S.C. § 1997e(a), as amended by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104–134, Title VII, §§ 801–10, 110 Stat. 1321 (1996), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 ... or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

The administrative appeal system for inmates in the California prison system is described in Title 15 of the California Code of Regulations. "Any inmate or parolee under the [California Department of Correction's] jurisdiction may appeal any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." CAL.CODE REGS. tit. 15 § 3084.1(a). In order to exhaust administrative remedies, a prisoner must first attempt to informally resolve the problem with the "staff [member] involved in the action or decision being appealed." *Id.* § 3084.5(a). If unsuccessful, the prisoner must then submit a formal appeal on an inmate appeal form (i.e., a CDC 602 form) to the institution's Appeals Coordinator or Appeals Office, *id.* § 3084.5(b), and if unsuccessful there, must submit a formal appeal for second level review, *id.* § 3084.5(c), which is conducted by the institution head or designee. *Id.* § 3084.5(e)(1). Finally, the prisoner must submit a formal appeal for third level review to the director of the California Department of Corrections or the director's designee. *Id.* § 3084.5(e)(2).

Before Plaintiff may properly file an action in this Court, Plaintiff must fully exhaust the administrative requirements of the California Code of Regulations, or show that he has exhausted "available" administrative reme-

---

**3.** At the time of oral argument, Plaintiff was scheduled to be released in the near future. If Plaintiff pursues his claim and succeeds in having either a state or federal court declare, by way of a petition for writ of habeas corpus, or otherwise, that the deduction of these 59 days was invalid, Plaintiff would have been wrongly incarcerated for 59 days too long. Plaintiff could then pursue a claim for damages under 42 U.S.C. § 1983. However, if such an action was later brought, Plaintiff must then show that he had a liberty interest in the work-time credits. California Penal Code § 2933 does not create a liberty

interest in eligibility for work credits where an inmate has not actually engaged in the work that would entitle him to such credits. *Miller v. Rowland,* 999 F.2d 389, 392 (9th Cir.1993). However, this Court makes no judgment as to whether this holding extends to a hypothetical case in which an inmate *has already received* work-time credits which are then wrongfully deducted.

**4.** At oral argument, Plaintiff asserted that he had appealed the deduction of his work-time credits, but the pleadings are devoid of any record indicating such an appeal.

dies within the meaning of § 1997e(a). Plaintiff provides documentation of a successful appeal of the CDC 115 issued by Defendant Barela on July 29, 1997. However, Plaintiff does not allege and does not provide any documentation that he has exhausted his administrative remedies with regard to the claim that 59 days of work-time credit were wrongfully deducted from his sentence. Thus, on this ground as well, the Court **GRANTS WITHOUT PREJUDICE** Defendants' motion to dismiss.[5]

### D. *Plaintiff's Status as a Vexatious Litigant.*

Defendant also moves to dismiss Plaintiff's claims on the ground that he is a vexatious litigant under 28 U.S.C. § 1915(g) and therefore his in forma pauperis status should be revoked and this action dismissed until Plaintiff can pay the filing fees. Defendant asserts that Plaintiff has filed numerous lawsuits in the Southern, Central, and Eastern Districts of California. Defendants filed seven exhibits for judicial notice, alleging that each of these cases qualified as a "strike" towards Plaintiff's status as a vexatious litigant. For the reasons stated below, the Court declines to find that Plaintiff has already received three "strikes" against him.

28 U.S.C. § 1915 allows certain litigants to pursue civil litigation in forma pauperis. However, the PLRA, 28 U.S.C. § 1915(g) bars a prison inmate from proceeding in forma pauperis:

> if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

A motion is "frivolous" "if the factual contentions supporting the claim are 'clearly baseless,'" *Olson v. Stotts,* 9 F.3d 1475, 1476 (10th Cir.1993), quoting *Denton v. Hernandez,* 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), or the claim is based on a legal theory that is "indisputably meritless."

*Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). "Malicious" is defined as something that is "resulting from" "a desire to harm others or to see others suffer" or "without just cause or reason, to commit an unlawful act injurious to another or others." WEBSTER'S II NEW COLLEGE DICTIONARY, 662 (1995). When a case is dismissed under Federal Rule of Civil Procedure 12(b)(6), it is because the complaint "fails to state a claim upon which relief can be granted."

Of the seven exhibits filed for judicial notice by Defendant, this Court finds that only one dismissal by this Court qualifies as "strike" as defined under 28 U.S.C. § 1915(g). On January 19, 1994, Civil Case No. 93cv918–G(LSP), the Court dismissed Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. Plaintiff appealed this decision, and on March 20, 1997, Civil Case No. 93cv918–MLH, the Ninth Circuit Court of Appeals affirmed the District Court's decision dismissing Plaintiff's case for failure to state a claim. This Court finds that these actions qualify as one "strike" under 28 U.S.C. § 1915(g).

In *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir.1996), the Fifth Circuit ruled that an affirmance of a dismissal by an appellate court does not in itself create another strike for purposes of § 1915(g). ("It is straightforward that affirmance of a district court dismissal as frivolous counts as a single 'strike'." *Id.* at 387.) The court in *Adepegba* reasoned that for the purposes of the statute, dismissals at either the district court or appellate levels would count as strikes. *Id.* Insofar as an affirmance is not concerned with the merits of the appeal but is rather a finding of no error at the district court level, it should not count as a strike. *Id.* Although the Ninth Circuit has not yet ruled on this issue, this Court agrees with the reasoning in *Adepegba.* Accordingly, this Court finds that as a result of the dismissal and affirmance in case number 93cv918, Plaintiff has incurred a single strike for purposes of § 1915(g).

---

**5.** Should Plaintiff proceed with his claims through a federal writ of habeas corpus, Plaintiff will have to illustrate that he has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b).

The Court has reviewed the other five exhibits presented by Defendants, and finds that none of these claims were, strictly speaking, terminated because they were frivolous, malicious, or failed to state a claim.[6] Three of the claims were resolved by motions for summary judgment, one of which occurred after extensive litigation and a successful appeal by Plaintiff to the Ninth Circuit.[7] Of the other two claims, one was dismissed by the Ninth Circuit after Plaintiff appealed the District Court's decision granting summary judgment for the defendants. The Ninth Circuit found that Plaintiff failed to present sufficient evidence to survive summary judgment.[8] The last claim was dismissed for failure to state a claim as to a remaining defendant, after Plaintiff lost his primary claim against another defendant on a motion for summary judgment.[9] Since the Court in that case reached Plaintiff's claims on the merits as to some of the defendants, this Court finds it unfair to penalize Plaintiff for including a defendant against whom he could not state a cause of action.

Accordingly, the Court declines to find that Plaintiff is a vexatious litigant for the purposes of 28 U.S.C. § 1915(g). At most, this Court finds that of the seven exhibits submitted by Defendants, only one of these actions or appeals brought by Plaintiff have been dismissed for failure to state a claim.[10]

### III. CONCLUSION

For the foregoing reasons, this Court **ORDERS** that Defendants' motion to dismiss be **GRANTED** and the Complaint be **DISMISSED WITHOUT PREJUDICE.**[11]

**IT IS SO ORDERED.**

---

6. The Court notes that the Ninth Circuit recently upheld § 1915(g) as constitutional, and reaffirmed the Court's ability to consider claims and appeals dismissed before § 1915(g) was enacted as "strikes". *See Rodriguez v. Cook,* 163 F.3d 584 (9th Cir.1998).

7. *Chavaris v. Meisel, et al,* 96cv440–BTM(CGA); *Barela Chavaris v. Trujillo, Lopez, and Brizuela,* 93cv561–H(POR); *Barela Chavaris v. Prunty, et al,* 95cv1151–IEG(LSP).

8. *Barela Chavaris v. Prunty, et al,* 95cv1151–IEG(LSP).

9. *Chavaris v. Meisel, et al,* 96cv440–BTM(CGA).

10. The Court notes that the present action is dismissed due to Plaintiff's failure to state a claim that is cognizable under 42 U.S.C. § 1983. Plaintiff is on notice that if in the future he incurs one other "strike", or has incurred one other "strike" of which this Court is not aware, Plaintiff could be barred from proceeding in forma pauperis in future lawsuits under 28 U.S.C. § 1915(g).

11. As Plaintiff's claims are dismissed on the basis of failure to state a claim under 42 U.S.C. § 1983 and because Plaintiff failed to exhaust his administrative remedies, this Court finds it unnecessary to determine whether Plaintiff has stated a claim that his constitutional right to due process was denied under 42 U.S.C. § 1983, or whether Defendants are protected by qualified immunity.