PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES G. BLAKELY, a/k/a Jimmy G.
Blakely,

*Plaintiff-Appellant,*

v.

ROBERT WARDS, Regional Director;
MR. DAVID M. TATARSKY, General
Counsel Attorney; A. PADULA,
Warden; M. BELL, Associate
Warden; MAJOR DEAN; NURSE
MACDONALD, Head Nurse at Lee
Correctional; J. LIVINGTON,
Librarian; A. SMITH, Business
Office Manager at Lee
Correctional Institution; CHAPLAIN
T. EVANS; CHAPLAIN CAIN; MS.
SIMON, Mailroom Supervisor at
Lee Correctional; LT. JUNE,
Wateree Corr; MR. BAINOR,
Medical; MR. BIDDINGER, Cafteria
Supervisor; MS. TAYLOR, Canteen
Supervisor; MS. HANCOCK,
Commissionary Manager; JON
OZMINT, Director,

*Defendants-Appellees.*

No. 11-6945

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Richard M. Gergel, District Judge.
(4:10-cv-00718-RMG)

Argued: September 18, 2012

Decided: December 14, 2012

Before AGEE, WYNN, and FLOYD, Circuit Judges.

Motion for reconsideration denied by published opinion. Judge Wynn wrote the opinion, in which Judge Agee and Judge Floyd concurred.

## COUNSEL

**ARGUED:** Frederick G. Hall, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Daniel Roy Settana, Jr., MCKAY, CAUTHEN, SETTANA & STUBLEY, PA, Columbia, South Carolina, for Appellees. **ON BRIEF:** Steven H. Goldblatt, Director, Doug Keller, Supervising Attorney, Nilam A. Sanghvi, Supervising Attorney, Jina Moon, Student Counsel, Matthew T. Vaughan, Student Counsel, GEORGETOWN UNIVERSITY LAW CENTER, Washington, D.C., for Appellant. Erin Farrell Farthing, MCKAY, CAUTHEN, SETTANA & STUBLEY, PA, Columbia, South Carolina, for Appellees.

## OPINION

WYNN, Circuit Judge:

With the Prisoner Litigation Reform Act, Congress sought to reduce the number of frivolous lawsuits flooding the federal courts. Congress did so in part by enacting 28 U.S.C. § 1915(g), a "three-strikes" statute providing that if a prisoner has had three prior cases dismissed as frivolous, malicious, or

for failure to state a claim for which relief may be granted, the prisoner generally may not proceed in forma pauperis but rather must pay up-front all filing fees for his subsequent suits.

Plaintiff James G. Blakely challenges this Court's denial of his attempt to proceed in forma pauperis on appeal. He contends that his prior actions dismissed as "frivolous, malicious, or fail[ing] to state a claim" cannot count as strikes under Section 1915(g) because the dismissals occurred at summary judgment. But neither precedent, nor the statute itself, nor Congressional intent support Blakely's contention. Instead, we hold that the fact that an action was dismissed as frivolous, malicious, or failing to state a claim, and not the case's procedural posture at dismissal, determines whether the dismissal constitutes a strike under Section 1915(g). Because Blakely has had more than three prior cases dismissed (on summary judgment) expressly as frivolous, malicious, or failing to state a claim, we deny his motion for reconsideration.

I.

Blakely, a prisoner in a South Carolina correctional institution, has pursued over forty cases in federal district court, ten appeals in this Court, and numerous suits in state court. In 2010, Blakely filed the underlying Section 1983 action against Defendants, South Carolina officials including the Director of the Department of Corrections and counsel for the Department of Corrections, and "Lee Correctional Institution" employees including the facility's head nurse, librarian, and chaplain. Blakely alleged various constitutional rights violations.

Defendants removed the case from state court to federal district court and then moved for summary judgment. A magistrate judge issued a Report and Recommendation finding that Blakely's claims were meritless. The district court

agreed, granted summary judgment in Defendants' favor, and dismissed the case. Blakely appealed to this Court.

To avoid having to pay the necessary appellate filing fees up front, Blakely sought to proceed in forma pauperis ("IFP"). This Court initially denied Blakely's application to proceed IFP. After Blakely moved for reconsideration, this Court assigned Blakely counsel and directed the parties to brief whether certain previously-dismissed suits constitute "strikes" under 28 U.S.C. § 1915(g), the Prisoner Litigation Reform Act ("PLRA"), such that Blakely is barred from proceeding IFP in his appeal. The merits of the underlying summary judgment order are, therefore, not currently before us. Rather, we consider only whether Blakely should be allowed to proceed IFP in his appeal of that order.

## II.

Several of Blakely's previously-dismissed suits were terminated at summary judgment. Blakely contends that such summary judgment dismissals, as a matter of law, cannot constitute strikes under 28 U.S.C. § 1915(g). Specifically, Blakely asserts that in *Tolbert v. Stevenson*, 635 F.3d 646 (4th Cir. 2011), "this Circuit" established "a bright-line rule that a case dismissed on summary judgment is not a strike under § 1915(g)." Appellant's Br. at 19. We do not agree.

Whether a case dismissed at summary judgment may count as a strike under Section 1915(g) is a question of law, which we review de novo. *Tolbert*, 635 F.3d at 649. Applying that standard of review, we observe that the critical section of the PLRA at issue in *Tolbert* and this case states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In other words, if a prisoner has had three prior cases dismissed as frivolous, malicious, or failing to state a claim for which relief may be granted, the prisoner generally must pay up-front all filing fees for his subsequent suits.

In *Tolbert*, this Court considered whether the three–strikes provision applies only to actions dismissed in their entirety as frivolous, malicious, or failing to state a claim, or whether it also applies to actions in which some, but not all, of the claims were dismissed on those grounds. 635 F.3d at 647. This Court held that "§ 1915(g) requires that a prisoner's entire 'action or appeal' be dismissed on enumerated grounds in order to count as a strike." *Id.* at 651. Because Blakely does not contend that his cases were dismissed only in part on the enumerated grounds, *Tolbert* is not directly on point.

Further, in *Tolbert*, the Court was neither presented with, nor did it address, the question of whether a dismissal on summary judgment expressly stating that the underlying suit "is frivolous, malicious, or fails to state a claim" can constitute a strike under Section 1915(g). Blakely correctly notes that the Court in *Tolbert* stated that "a grant of summary judgment to defendants also is not one of the grounds listed in § 1915(g), and therefore *Lightsey* also does not count as a strike." *Id.* at 654. However, the summary judgment order at issue in *Lightsey*, and thus in *Tolbert*, nowhere stated that the pertinent suit was frivolous, malicious, or failed to state a claim. Brief of Defendants-Appellees at ADD69-ADD71, *Tolbert*, 635 F.3d 646 (No. 09-8051). Crucially, dismissed suits count as strikes only when "dismissed on the grounds that [they are] frivolous, malicious, or fail[ ] to state a claim

upon which relief may be granted . . . ." 28 U.S.C. § 1915(g). It follows, then, that the *Lightsey* summary judgment order could not have counted as a strike. Indeed, most summary judgment orders would likely not qualify as Section 1915(g) strikes because, at that point, malice, frivolousness, and failure to state a claim are not usually addressed.

The only case cited in *Tolbert* to support the proposition that the *Lightsey* summary judgment could not constitute a strike for purposes of Section 1915(g) is *Richardson v. Ray*, 402 F. App'x 775 (4th Cir. 2010) (per curiam) (unpublished and decided without oral argument). In *Richardson*, a one-paragraph-long opinion, this Court noted that:

> [E]xamination of the district court's order in *Richardson v. Grizzard* . . . and the subsequent appeal . . . reveals that the action was dismissed on summary judgment and that the appeal was dismissed for being without merit. *Because neither the action nor the appeal was dismissed as frivolous, malicious, or for failure to state a claim, neither should have counted as a qualifying strike*.

*Id.* at 776 (emphasis added). Significantly, the Court made clear with the word "because" that the reason the summary judgment dismissal did not constitute a strike was not its procedural posture but rather its failure to ring the PLRA bells of frivolous, malicious, or failure to state a claim. *Id.*[1]

---

[1]Blakely is not alone in his belief that summary judgment orders per se cannot constitute strikes for PLRA purposes. 3 Rights of Prisoners § 17:35 (4th ed. 2011) states that "[s]ince the statute only counts dismissals for the three specified reasons, dismissals for any other reason will not count as a strike. Thus, a summary judgment dismissal would not count as a strike . . . ." Notably, however, the case cited for that blanket proposition, *Barela v. Variz*, 36 F. Supp. 2d 1254 (S.D. Cal. 1999), does not support that conclusion, but is instead much more nuanced. In *Barela*, the court refused to deem actions previously dismissed on summary judgment strikes because "none of these claims were, strictly speaking, terminated because

The same cannot be said here. Among the previously-dismissed suits the Court directed Blakely to address in this proceeding are four summary judgment orders that contain, as Blakely concedes, "language characterizing the summary judgment dismissal[s] as [ ] strike[s] because [they] 'quali-fie[d] as a dismissal on the grounds that [they are] 'frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted.'" Appellant's Br. at 20-21. Specifically, the orders at issue state that the actions: should "be considered [ ] 'strike[s]' for purposes of the 'three strikes' rule set forth in 28 U.S.C. § 1915(g)" because they are "'frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted[,]'" J.A. 210; and "qualif[y] as [ ] dismissal[s] on the grounds that [they are] 'frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted'" and thus are properly "classif-[ied] as [ ] strikes . . . ." J.A. 246, 262, 299.

Blakely would have this Court ignore what he characterizes as "boilerplate" language. Appellant's Br. at 20. He fails, however, to offer any compelling reason why this Court should overlook the plain language in the pertinent orders written by the judges most familiar with his suits.

Blakely proffers a judicial economy argument, maintaining that courts "should [not] attempt to discern the bases upon which a case was dismissed at summary judgment to deter-

---

they were frivolous, malicious, or failed to state a claim." *Id.* at 1259. The court went on to explain that one suit was dismissed at summary judgment "after extensive litigation and a successful appeal by Plaintiff to the Ninth Circuit." *Id.* Another was dismissed on summary judgment because "Plaintiff failed to present sufficient evidence to survive summary judgment." *Id.* And the third and final summary judgment order was dismissed for failure to state a claim only as to one of multiple defendants. The court "f[ound] it unfair to penalize Plaintiff for including a defendant against whom he could not state a cause of action." *Id.* In other words, the *Barela* court, too, focused on whether the earlier cases were dismissed because they were frivolous, malicious, or failed to state a claim and not on the procedural posture at dismissal.

mine if it is a strike." Reply Br. at 5. This Court shared Blakely's concern in *Tolbert*, where we noted that "requir[ing] district courts to [ ] parse summary judgment orders and their supporting documents" to determine if the orders constituted strikes "would even further increase their workload, again straying far afield of the purpose of the PLRA." *Tolbert*, 635 F.3d at 653 n.7. But the plain language of the four summary judgment dismissals at issue here belies any such concern. Those orders plainly state on their face that Blakely's actions were frivolous, malicious, or failed to state a claim, i.e., that those actions met the statutory criteria for strikes. We fail to see why it would be more difficult for a court to look at the face of a summary judgment order, as opposed to the face of some other dismissal order, to determine whether a specific finding of frivolousness, maliciousness, or failure to state a claim was made.

Blakely further looks to *Thompson v. Drug Enforcement Administration*, 492 F.3d 428 (D.C. Cir. 2007), which was also cited in *Richardson*, for support. But *Thompson* does not further Blakely's cause. Contrary to Blakely's suggestion, in *Thompson*, the D.C. Circuit did not unequivocally hold that any dismissal at summary judgment cannot constitute a strike under Section 1915(g). Rather, the D.C. Circuit, analyzing whether a dismissal for failure to exhaust administrative remedies would count as a strike, observed:

> With regard to exhaustion, both section 1915(g)'s text and our desire for clarity point toward the same rule: if the court dismisses an unexhausted complaint on a Rule 12(b)(6) motion or if it dismisses the complaint sua sponte and expressly declares that the complaint fails to state a claim, the dismissal counts as a strike. But if the court dismisses the complaint on some other procedural mechanism, such as a Rule 12(b)(1) motion or a motion for summary judgment, the dismissal will not count as a strike.

*Id.* at 438. The D.C. Circuit went on to emphasize that the language of a dismissal order, rather than the particular procedural stage at which an action is dismissed, controls the question of whether a dismissal constitutes a strike under Section 1915(g). *See id.*

It makes sense that the D.C. Circuit and this Court would not have focused on the procedural posture of an action at the time of dismissal to determine whether the dismissal counts as a strike. That is because Section 1915(g) does not differentiate amongst dismissals but instead simply states that if a prisoner has brought three or more actions or appeals "dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim[,]" that prisoner generally may not proceed IFP. 28 U.S.C. § 1915(g).

"In interpreting statutory language, words are generally given their common and ordinary meaning." *Nat'l Coal. For Students With Disabilities Educ. & Legal Def. Fund v. Allen*, 152 F.3d 283, 288 (4th Cir. 1998) (quotation marks omitted). "We customarily turn to dictionaries for help in determining whether a word in a statute has a plain or common meaning." *Id.* at 289. According to *Black's Law Dictionary*, "dismiss" means "to terminate (an action or claim) without further hearing, esp. before the trial of the issues involved." *Black's Law Dictionary* 482 (7th ed. 1999).

There is some argument, particularly in the legal academy, that summary judgment orders should not be called dismissals. *See, e.g.*, Bradley Scott Shannon, *A Summary Judgment Is Not a Dismissal!*, 56 Drake L. Rev. 1 (2007). Nothing before us, however, indicates that Congress had that academic distinction in mind in drafting Section 1915(g), and certainly courts do not follow such a rule—as reflected in both *Tolbert* and *Thompson*, in which this Court and the D.C. Circuit refer to disposition upon summary judgment as a dismissal. *Tolbert*, 635 F.3d at 654; *Thompson*, 492 F.3d at 438. Even Blakely refers to the summary judgment orders at issue here

as dismissals: In his brief, Blakely argues, for example, that his "prior cases that were *dismissed on summary judgment* are not strikes" and that "a case *dismissed on summary judgment* is not a strike . . . ." Appellant's Br. at i (emphasis added).

The fact that Section 1915(g) counts not only dismissed actions but also dismissed appeals as strikes underscores that strikes are not limited, as Blakely seems to suggest, to cases dismissed via Civil Procedure Rule 12(b)(6). If only Rule 12(b)(6) dismissals could constitute strikes, dismissed appeals, subject not to the Federal Rules of Civil Procedure but rather to the Federal Rules of Appellate Procedure, would never count as strikes. Moreover, if only Rule 12(b)(6) dismissals could constitute strikes, all strikes would be for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). Such a reading would render superfluous Section 1915(g)'s express statement that cases dismissed as frivolous or malicious also constitute strikes—a result we must avoid. *See Discover Bank v. Vaden*, 396 F.3d 366, 369 (4th Cir. 2005) ("It is a classic canon of statutory construction that courts must 'give effect to every provision and word in a statute and avoid any interpretation that may render statutory terms meaningless or superfluous.'" (quoting *United States v. Ryan-Webster*, 353 F.3d 353, 366 (4th Cir. 2003))). And it makes sense that frivolity and maliciousness may not be cognizable at the Rule 12(b)(6) stage, before any discovery has been conducted.[2]

Our broader understanding of "dismiss" comports with the D.C. Circuit's discussion in *Thompson*, in which the D.C. Cir-

---

[2]Blakely's Americans with Disabilities Act ("ADA") claim is a fine example of how a successfully stated claim may ultimately prove frivolous. Although Blakely's complaint theoretically could have successfully stated a claim for which relief might have been granted (in reality it did not, according to the district court), Blakely ultimately "failed to prove that he is disabled . . . ." J.A. 208. Making an ADA claim without being disabled surely supports a frivolity determination and certainly supported the district court's decision that that dismissal counted as a strike.

cuit explained that the word "dismiss" in Section 1915(g) is "most plausibly understood as a reference to section 1915(e)(2), which requires the court to 'dismiss the case *at any time* if the court determines that . . . the action or appeal . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted.' 28 U.S.C. § 1915(e)(2)." 492 F.3d at 436 (emphasis altered).

Further, our focus on the grounds for dismissal rather than the procedural posture at the time of dismissal dovetails with the Congressional intent underpinning the PLRA. "The impetus behind the enactment of the PLRA was a concern about the 'endless flood of frivolous litigation' brought by inmates." *McLean v. United States*, 566 F.3d 391, 397 (4th Cir. 2009) (quoting 141 Cong. Rec. S14,418 (1995)). "To accomplish its goal of reducing the number of frivolous lawsuits, the PLRA placed three major hurdles in the path of prisoners seeking to challenge the conditions of their confinement." *Green v. Young*, 454 F.3d 405, 406-07 (4th Cir. 2006). One of those hurdles is the three-strikes provision at issue here, requiring "pre-payment in full of all filing fees if the plaintiff-prisoner has had three prior cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, unless the prisoner is at imminent risk of serious physical injury." *Id.* at 407 (emphasis omitted). It would subvert the PLRA's very purpose to restrict the dismissals that can count as strikes when cases dismissed on summary judgment may also be dismissed for frivolousness, maliciousness, and failure to state a claim. And this we must avoid. *See De Osorio v. INS*, 10 F.3d 1034, 1043 (4th Cir. 1993) ("the overriding duty of a court is to give effect to the intent of the legislature").

In sum, we hold that if a summary judgment order states on its face that the district court considered the statutory criteria for a strike to have been met, then the summary judgment dismissal should count as a strike. Because here, at least four summary judgment orders stated that Blakely's suits were frivolous, malicious, or failed to state a claim for which relief

could be granted, i.e., that Blakely's suits met Section 1915(g)'s strike criteria, those orders count as strikes and bar Blakely from proceeding IFP on appeal.[3]

## III.

For the foregoing reasons, Blakely's motion for reconsideration is denied.

*DENIED*

---

[3]Blakely also makes various arguments as to why certain other orders should not be counted as strikes. Because our holding regarding the four summary judgment orders puts Blakely over Section 1915(g)'s three-strikes threshold, we need not, and therefore do not, address Blakely's other arguments and orders.